# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**EDDIE BAKER,**
    **Petitioner,**

 v.                   Case No. 05-C-1031

**WILLIAM POLLARD,**[1]
**Warden, Green Bay Correctional Institution,**

    **Respondent.**

## DECISION AND ORDER

    Previously, pursuant to Rule Four of the Rules Governing Section 2254 Cases in the United States District Courts, the Court conducted a review of Petitioner Eddie Baker's ("Baker") petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. During its review, the Court determined that the eight grounds for relief raised by Baker presented arguable claims of constitutional violations and directed the Respondent to answer the petition.

    The Respondent answered asserting that Baker's petition is a "mixed petition" and that his exhausted claims are without merit because Baker cannot prove that the Wisconsin courts resolved his claims in a manner that is contrary to, or involves an unreasonable application of, clearly established federal law as determined by the United States Supreme Court. Baker filed a reply to the Respondent's answer maintaining that he has exhausted all the issues presented and demonstrated constitutional violations.

---

[1] Baker's current custodian is William Pollard ("Pollard"), the warden at the Green Bay Correctional Institution. The Court, therefore, substitutes Pollard as the Respondent in this action. *Araujo v. Chandler*, 435 F.3d 678, 679 n.1 (7th Cir. 2005) (citing Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts).

Having reviewed the record, the Court concludes that Baker's petition is a mixed petition because he has not exhausted each of his grounds for relief by pursuing one complete round of state appellate review. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). In the State of Wisconsin, an appeal to the Court of Appeals is a necessary stage of a complete round of appellate review. *Cf. Wisconsin v. Escalona-Naranjo*, 517 N.W.2d 157, 162 (Wis. 1994).

Baker's pro se response to the no-merit report that his attorney filed with the Wisconsin Court of Appeals did not include two of the grounds for relief he presented in his petition for review by the Wisconsin Supreme Court: his right to double jeopardy was violated and he was improperly charged and his sentence was improperly enhanced under § 939.63 of the Wisconsin Statutes for using a dangerous weapon. Furthermore, Baker's request to the Wisconsin Court of Appeals that it incorporate all the arguments to which he alluded in other filings lacks the particularity required to constitute exhaustion of the two grounds for relief in question. *See Baldwin v. Reese,* 541 U.S. 27, 31-32 (2004) (holding that a ground for relief is not fairly presented for appellate review when an appellate court would be forced to look to lower court opinions in the case in order to perceive the federal nature of the claim). *See also, Harrison v. McBride*, 428 F.3d 652, 660-661 (7th Cir. 2005). Therefore, Baker's petition is a mixed petition because two of the grounds for relief – ground two and ground six – were not fully adjudicated by a complete round of state appellate review.

This Court may not adjudicate a mixed petition. *See Rose v. Lundy*, 455 U.S. 509 (1982). However, because of the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996 ("ADEPA"), the Court must consider whether to stay

and hold in abeyance the petition so that Baker can fully exhaust his grounds for relief in state court. *See Rhines v. Weber*, 544 U.S. 269, 278 (2005). A refusal to stay and hold in abeyance a petition, pending full exhaustion, is an abuse of discretion where the petitioner has "good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id*.

"[A] 'stay and abeyance' of a mixed habeas petition 'is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court' and the unexhausted claims are not 'plainly meritless.'" *Arrieta v. Battaglia*, 461 F.3d 861, 866 (7th Cir. 2006) (quoting *Rhines*, 544 U.S. at 277)). Accordingly, the "stay and abeyance" procedure should be employed in "appropriate but limited" circumstances. *See Dolis v. Chambers*, 454 F.3d 721, 724 (7th Cir. 2006).

Baker's petition for habeas corpus relief appears to meet two of the three criteria described in *Rhines*. Baker's two unexhausted claims present grounds for relief that are potentially meritorious. Additionally, there is no indication that Baker intentionally delayed the litigation of his petition. Yet, Baker's petition fails to establish the third criteria, which requires good cause for his failure to exhaust all of the grounds for relief he presents to this Court.

Because this Court cannot adjudicate the petition as it currently stands, Baker must decide among the following three options. First, Baker may submit further briefing which he believes establishes good cause for his failure to exhaust all the grounds for relief included in his petition. If he establishes good cause, the Court will then have discretion to consider

3

staying and holding in abeyance Baker's case pending exhaustion of his grounds for relief by completion of a round of state appellate review. *Rhines*, 544 U.S. at 277-78.[2]

Second, Baker may withdraw his unexhausted claims and proceed solely on the basis of his exhausted claims. *Id.* at 278 ("if a petitioner presents a district court with a mixed petition . . . the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims."). If Baker so chooses, the Court will consider only the merits of his exhausted claims. Such a choice, however, would restrict future federal habeas corpus review of Baker's unexhausted claims because those claims would then be subject to the AEDPA restriction on successive filings (28 U.S.C. § 2244(a)). Baker's unexhausted claims would also be subject to AEDPA's one-year statute of limitations (28 U.S.C. § 2254(d)).

Third, Baker may voluntarily withdraw his entire petition. This choice could limit future federal habeas corpus review of Baker's April 12, 2001, state court judgment of conviction for being a party to the crime of first degree recklessly endangering safety and use of a dangerous weapon, under the one-year AEDPA statute of limitations. *See Graham v. Borgen*, 483 F.3d 475, 479-80 (7th Cir. 2007) ( holding that a request for post-conviction relief under Wis. Stat. § 974.06 is considered a request for collateral relief rather than a request for direct review, and, therefore, a request for relief under Wis. Stat. § 974.06 does not affect the date a judgment becomes final under § 2244(d)(1)(A).)

---

[2] This means that Baker must present the operative facts and controlling legal principles of those claims to the Wisconsin Court of Appeals and then to the Wisconsin Supreme Court. *Moore v. Casperson*, 345 F.3d 474, 486 (7th Cir. 2003).

4

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Pollard, the warden at the Green Bay Correctional Institution is **SUBSTITUTED** as the Respondent.

On or before **May 5, 2008** Baker must inform the Court whether he wishes to proceed: (a) by submitting a brief on the issue of his good cause for failing to exhaust all the grounds for relief included in his petition; (b) solely on the basis of his exhausted claims; or (c) by voluntarily withdrawing his entire petition for habeas relief;

If Baker chooses to proceed by submitting a brief on the issue of good cause, his brief should also address the arguments presented in the Respondent's Answer to Petition for Writ of Habeas Corpus. Baker's brief **SHALL** be filed on or before **May 5, 2008**. The Respondent **SHALL** file any response thereto on or before **June 9, 2008**;

If Baker, instead, chooses to proceed solely on the basis of his exhausted claims, he should file a brief addressing the arguments presented in the Respondent's Answer to Petition for Writ of Habeas Corpus that are directed toward his exhausted claims. Baker's brief **SHALL** be filed on or before **May 5, 2008**. The Respondent **SHALL** file any response thereto on or before **June 9, 2008**.

Dated at Milwaukee, Wisconsin this 3rd day of April, 2008.

**BY THE COURT**

s/ Rudolph T. Randa
**Hon. Rudolph T. Randa
Chief Judge**